Fremont-Smith, J.
On April 23, 1988, plaintiffs child was born with permanent brain damage as a result of having been deprived of oxygen during birth, when the baby was stuck inside the mother during delivery. Plaintiffs have proffered medical evidence that the deprivation of oxygen and brain damage occurred because defendant doctors negligently delayed a cesarian delivery of the child, which would have avoided the injuries. The action was not filed until September 9, 1994, following plaintiff mother’s having been informed by a social worker of the possibility of medical malpractice and her subsequent consult with an attorney. Defendants have filed a motion for summary judgment on the ground that the mother’s action for loss of consortium is time-barred, not having been filed within three years from the time when she knew or should have known that the injuries to her child were possibly caused by inadequate obstetrical care.
It is undisputed, as per the affidavit of the mother, and her answers to interrogatories, that she was informed immediately after the birth that her baby had been deprived of oxygen, was born blue, and had suffered permanent brain damage. She contends, however, that while she was told that lack of oxygen during birth had caused the brain injuries, she had never been told that a cesarian section was contemplated, and “did not learn that a cesarian section *619 should have been done until after I consulted with my attorneys.” Rather, she alleges, she was told at the hospital that the injuries occurred when the baby was “stuck” in the birth canal, that the child was premature, and that “these things happen,” or words to the effect that it was just an unfortunate medical event.
As stated in McGuinness v. Carter, 412 Mass. 617 (1992), the date on which the plaintiffs cause of action accrued depends on when she (1) knew or had sufficient notice that she was harmed; and (2) knew or had sufficient notice of the cause of the harm. For her cause of action to have accrued, plaintiff “need only have had knowledge or sufficient notice that the obstetrical care she received from the defendants may have caused [her child’s] disabilities.” Id. at 628. Here, -it is beyond dispute that plaintiff knew that the child was harmed by oxygen deprivation during the birth process. The Court concludes, however, that there is a disputed question of fact whether or not plaintiff had sufficient notice that inadequate obstetrical care was a possible cause of the harm, to place upon her an obligation to make further scientific inquiry in that regard.
At the time of her child’s birth, plaintiff was a seventeen year old Cambodian refugee who had been in the United States for only two years, having come to the United States from a refugee camp in Thailand. She spoke limited English and had limited knowledge of the birthing process. In all these circumstances, the Court concludes there is a material dispute of fact as to whether or not plaintiff had knowledge or sufficient notice that possible negligent obstetrical care, as distinguished from mere unfortunate and unavoidable medical complication, might have been the cause of her child’s disabilities.
Accordingly, it is ORDERED that defendants’ motion for summary judgment is DENIED,[1] and that discovery shall be completed by December 10, 1996. A final pre-trial conference is scheduled for 2:00PM, December 17, 1996,

At the close of trial, it may be considered whether the jury should be provided with a special jury question as to when, under all the circumstances, plaintiff first knew or should have known that defendants’ negligence was a possible cause of the child’s injuries.